M. J. RODRIGUEZ, COUNTY JUDGE, ET AL V. E. G. GONZALES ET AL.

No. A-2435. Decided February 22, 1950.
(227 S. W., 2d Series 791.)

538

*L. Hamilton Lowe,* of Austin, for appellants.

The trial court erred in holding that Article 7345e, Vernon's statutes (The law authorizing the contract here involved) is unconstitutional, and in enjoining the performance of a contract made and entered into in comformity with the provision of such statute. Oakley v. Kent, 181 S. W. (2d) 919; Orr v. Rhine, 45 Texas 345; Gerard v. Smith, 52 S. W. (2d) 347.

*John A. Pope, Jr.,* of Rio Grande City, for appellees.

The trial court correctly held that the act in question was unconstitutional in that it violates the provisions of Article III section 56 of the Constitution of Texas, it being a local and special law regulating the affairs of counties, and it was not error to enjoin the performance of the contract. County of Bexar v. Tynan 128 Texas 223, 97 S. W. (2d) 467; Altgelt v. Gutzeit, 109 Texas 123, 201 S. W. 400; Miller v. El Paso County, 136 Texas 370, 150 S. W. (2d) 1000.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

■ This is a direct appeal from a judgment of the District Court of Starr County permanently enjoining the performance of a contract of employment entered into between the County and Oscar T. Vale. The plaintiffs in the trial court were E. G. Gonzales and two other resident, tax-paying citizens of Starr County. Their right to prosecute the suit is not questioned. The defendants were M. J. Rodriguez, County Judge of Starr County,

three of the four County Commissioners (one of the Commissioners having made common cause with the plaintiffs), the County Treasurer, the County Auditor, Starr County as such, and Oscar T. Vale, attorney at law. The case is one in which a direct appeal is provided for in Section 3b, Article V, Constitution of Texas, Article 1738a, V. A. C. S., and Rule 499a, T. R. C. P.

The contract, the performance of which was enjoined by the trial court, was one of employment entered into between Starr County and Oscar T. Vale, a practicing attorney of that county, by the terms of which the attorney was employed to institute a suit to recover the taxes owing and delinquent against the tenants in common of Porcion No. 78, Ancient Jurisdiction of Camargo, Tamaulipas, Mexico, now in Starr County, Texas, and for a partition. The amount of delinquent taxes was approximately $3,500.00, exclusive of interest and penalties. By the terms of the contract the attorney was to receive a fee of $3,000.00 and the County was to pay all necessary expenses of litigation in addition to the fee. One-half of the fee was to be paid on execution of the contract and the balance upon the conclusion of the litigation. The County Auditor approved the contract and would have issued a warrant for $1,500.00 on the general fund of the County in favor of the attorney had not the performance of the contract been enjoined.

The contract was entered into under the provisions of House Bill No. 108, Acts of the Regular Session of the 51st Legislature, Ch. 404, pp. 754-5, Art. 7345e, V. A. C. S. The sole question for our decision is the constitutionality of that Act. The act is as follows:

"Section 1. In any county bordering on the International Boundary between the United States and the Republic of Mexico, wherein there are located one (1) or more tracts of land, or portions thereof, having in excess of one thousand (1,000) acres, which such tracts are owned by ten (10) or more persons in undivided interests, the title to all or portions of which emanate from grants from the King of Spain, and on which there are delinquent taxes owed to such county, the Commissiners Court of any such county is hereby authorized to institute suits against such owners of undivided interests in such tract or tracts, for the purpose of collecting such delinquent taxes, and it is expressly authorized to seek and compel a partition of said tracts between the owners thereof in order to segregate and identify the ownership for the purpose of collecting such delinquent taxes, and to employ attorneys for the pur-

pose of instituting and prosecuting such suit, or suits, and to pay them such reasonable fees for such services out of the general fund of such county as said Commissioners Court may deem advisable. After the institution of such suits, the provisions of Section 15 of Article 7345b, Revised Civil Statutes of Texas, as amended by the Acts of the Regular Session of the Forty-ninth Legislature, 1945, Chapter 219, shall govern the procedure in such suit, in so far as applicable, and all fees and costs therein provided for shall be in addition to the fees herein authorized for the institution of such suit, or suits.

"Sec. 2. The provisions of this Act shall be cumulative of all existing laws providing for the collection of delinquent taxes and the partitioning of land by suit, or otherwise, except in so far as said existing laws conflict herewith, and all laws and parts of laws in conflict herewith are hereby expressly repealed to the extent of such conflict."

The section of the Constitution of which the Act was held by the trial court to be violative is Section 56 of Article III, the relevant portions of which are:

"Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of counties, cities, towns, wards or school districts; * * *

\*  \*  \*  \*  \*

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; * * *."

The primary purpose back of the adoption of this section was to secure that uniformity in the application of law which is essential to an ordered society. The section is not of doubtful construction, but is a plain mandate from the people to the Legislature. The prohibition is against any "local or special law." We are not concerned with any distinction which may be drawn between a local law and a special law, for in our opinion the Act under review is both a local and a special law within the meaning of the constitutional provision. This is so clear to our minds that we shall not discuss the question at length.

■ The primary and ultimate test of whether a law is general or special is whether there is a reasonable basis for the classification made by the law, and whether the law operates equally on all within the class. Bexar County v. Tynan, 128 Texas 223,

97 S. W. (2d) 467; Miller v. El Paso County, 136 Texas 370, 150 S. W. (2d) 1000; 1 Sutherland (2nd Ed.), Statutory Construction, Sec. 203. If the classification made by the law "is not based upon a reasonable and substantial difference in kind, situation or circumstance bearing a proper relation to the purpose of the statute," it is a special law. 50 Am. Jur., Statutes, Sec. 7.

■ Under that test the Act under review must be classed as a special law. In order for the provision of the Act to be applicable to a particular suit for delinquent taxes, all of the following conditions must exist, and the absence of any one of them would render it inapplicable: (a) The tract must be in a county bordering on the Rio Grande; (b) must be in excess of 1,000 acres; (c) must be owned by ten or more persons in undivided interests; and (d) title to all or a portion thereof must emanate from a grant from the King of Spain. There is no reasonable ground upon which the Act could be so narrowly based. It is a matter of public record in the General Land Office that there are many counties in the State of Texas not bordering on the Rio Grande in which are located tracts of land emanating from grants from the King of Spain. Some of those tracts are very large and cover portions of two or more counties. Should there be a tract or tracts of land in one or more of such counties containing 1,000 acres or more owned in undivided interests by ten or more persons, the title to a portion of which emanated from a grant from the King of Spain, or should that condition arise at any time in the future, as it well may do, the Act excludes its applicability thereto. There is no substantial difference in the situation or circumstance of border counties relating to suits for delinquent taxes upon which to base the classification. No valid reason can be perceived for limiting the operation of the Act to border counties, neither should any distinction be made between tracts of land emanating from the King of Spain and those emanating from the Republic of Mexico or the Republic of Texas or the State of Texas. The sovereignty from which the title to land emanates bears no relation whatever to a suit for delinquent taxes owing by the owners of the land.

At the time of the passage of the Act in question there was in existence an Act of the Legislature governing the partition of lands involved in tax suits which was applicable to the State at large. Vernon's Texas Civil Statutes, Art. 7345b, Sec. 15. That Act did not limit its operation to tracts in which there were ten or more persons owning undivided interests, nor to tracts in excess of 1,000 acres; neither did it provide that fees

for instituting suits for partition should be paid by counties out of their general funds. The Act under review authorizes the Commissioners Court in counties covered by the Act to institute partition suits and to pay certain attorney's fees therefor out of the general revenue. There is no reasonable basis for authorizing counties covered by this Act to pay attorney's fees out of the general fund when that authority does not exist in any other county and does not exist in the border counties in cases where titles emanated from Mexico or Texas.

■ There is a general statute governing delinquent tax contracts, Article 7335a, Vernon's Texas Civil Statutes, which limits the attorney's fees for the collection of delinquent taxes to 15 per cent. of the amount collected. Article 7345b, Section 15, mentioned above, authorizing suits by owners of undivided interests for partition in connection with suits for the collection of delinquent taxes, provides that "in addition to the fees now allowed by law" to the attorney prosecuting the suit, the judge of the district court shall allow an additional fee for services occasioned by the partition of the land where a partition is sought, not to exceed $5.00 per acre for each separate tract so partitioned. The Act under review (Art. 7345e) provides not only for reasonable fees to be paid by the Commissioners Court out of the general fund, but goes further and provides that after the institution of such suits, the provisions of Section 15 of Article 7345b, supra, shall govern, and that all fees and costs provided in the Act shall be in addition to the fees therein authorized for the institution of the suit. By the cumulative provisions of these statutes an attorney in a county covered by the Act under review could receive (1) a reasonable fee for the institution of the suit, to be fixed by the Commissioners Court and paid out of the general fund (in the instant case $3,000.00 was set as a reasonable fee for that service) ; (2) a fee not exceeding $5.00 per acre for each tract partitioned, to be fixed by the district court and taxed as costs in the case against the respective owners; and (3) 15 per cent. of the amount of the delinquent taxes collected. There is no reasonable basis for the allowance of this additional fee in counties covered by the Act under review or for the provision for the payment of attorney's fees out of the general revenue of such counties.

The Act is clearly a local and special law, and as such is condemned by Article III, Section 56, of the Constitution. Since the Act in invalid, the contract made in pursuance thereof is likewise invalid, and the trial court did not err in enjoining its enforcement.

The case is affirmed.

Opinion delivered February 22, 1950.

No motion for rehearing filed.