

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 25, 1957

Honorable Wardlow Lane,
Chairman, State Affairs,
Senate of Texas,
Austin, Texas

Opinion WW-34.

Re: Constitutionality of Senate Bill
103, of the 55th Legislature,
prescriving the maximum work-
ing hours for Firemen, on a
graduated basis in regard to the
population of a County, and
related questions.

Dear Senator Lane:

You have requested an opinion on the constitutionality of Senate Bill 103 of the 55th Legislature, and the Amendments thereto, currently pending before the Senate Committee on State Affairs. Senate Bill 103 is to amend Section 6, of Chapter 38, Acts of the 49th Legislature, as amended (codified as Section 6 of Article 1583-1, Vernon's Texas Penal Code), so as to delete provisions relating to maximum working hours of policemen; to prescribe the maximum working hours of firemen in cities with more than Ten Thousand (10,000) inhabitants, on a graduated basis in relation to the population of the county; and to provide for the minimum number of platoons in certain cities; and the sequence of tours of duty of platoon members. This bill as written, or as amended by Senate Committee Amendment No. 2 by Senator Krueger, would apply to all counties having a population of more than Ten Thousand (10,000) inhabitants. The maximum working hours of firemen in each category is graduated in relation to the population of the county.

Section 56 of Article III of the Constitution of Texas provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law,. . . . ."

". . . . ."

"Regulating the affairs of counties, cities, towns, wards or school districts;

". . . . ."

In the case of Miller v. El Paso County, 130 Tex. 370, 150 S. W. 2d 1000, the Court stated:

"Notwithstanding the above constitutional provision
/Art. III, Sec. 56/, the courts recognize in the Legislature
a rather broad power to make classifications for legislative
purposes and to enact laws for the regulation thereof, even
though such legislation may be applicable only to a particular
class or, in fact, affect only the inhabitants of a particular
locality; but such legislation must be intended to apply uni-
formly to all who may come within the classification desig-
nated in the Act, and the classification must be broad enough
to include a substantial class and must be based on character-
istics legitimately distinguishing such class from others with
respect to the public purpose sought to be accomplished by
the proposed legislation. In other words, there must be a
substantial reason for the classification. . . . ."

". . . . .Resort to population brackets for the purpose
of classifying subjects for legislation is permissible where the
spread of population is broad enough to include or segregate a
substantial class, and where the population bears some real
relation to the subject of legislation and affords a fair basis
for the classification. . . . ."

This principle of law has been consistently recognized by the courts
and by the Attorneys General of this State. Rodriguez vs. Gonzales, 148 Tex. 537,
227 S.W. 2d, 791 (1950); Bexar County vs. Tyner, 128 Tex. 228, 97 S.W. 2d, 467
(1936); Oakley vs. Kent, 181 S. W. 2d, 919 (Tex. Civ. App., 1944), Anderson vs. Wood,
137 Tex. 201, 152 S. W. 2d, 1084 (1941), Attorney General's Opinion R-2461.

Clark vs. Finley, 93 Tex. 171, 54 S. W. 343, recognized that substantial
differences in populations of counties was a basis for legislation fixing compensation
of officers on the theory that the work devolved upon an officer was directly pro-
portionate to the population of the county. This was recognized as sufficient to
justify a larger compensation for officers in counties having a large population
as compared with compensation to like officers in counties having a smaller popu-
lation.

This same doctrine applies in like manner to regulation of the working
hours of firemen by means of a graduated bracket regulation on a population basis.
Since it has been clearly recognized that the work devolving upon officers is
directly proportionate to the population of the county, a sufficient basis to justify
a graduated scale of maximum working hours is thus established. It follows that
the Legislature may determine that the work load of firemen in counties with a
large population is more strenuous than that in counties with a small population.
Therefore, a more restricted number of maximum work hours is a reasonable
regulation.

Senate Committee Amendment No. 1 restricts the application of the
bill to cities containing the population of "not more than 400,000 inhabitants",
and eliminates at least three cities from the Act, i. e. Dallas, Houston and San
Antonio. Amendment No. 1 is based upon the determination that cities having

the larger population would not have as great or greater need for regulated maximum working hours as would small cities. The Legislature cannot determine the positive and the negative of the same propostion and expect the Act to pass the test of being based upon a reasonable classification.

In Attorney General's Opinion R-2414, quoting Oakley vs. Kent, Supra, the following reasoning was adopted:

"If population affords a ground for creating the office of county purchasing agent, it must be upon one of two theories:

"(1) The smaller the population of the county the greater the need for such an office.

"(2) The greater the population of the county the greater the need of such an office."

"The bracket is from 140,000 to 220,000. Upon the first theory the law is arbitrary and discriminatory because it excludes counties below 140,000, which would have a greater need than the counties in the bracket. Upon the second theory, the law is likewise arbitrary and discriminatory in that it does not embrace counties having a population above 220,000 which counties would have a greater need for a purchasing agent than counties within the bracket."

Neither Senate Bill 103 of the 55th Legislature, nor Senate Committee Amendment No. 2, by Senator Krueger sets the maximum working hours of firemen in cities with a population of less than 10,000 inhabitants. The Legislature can determine that there is no need for regulation in cities of such size. Therefore, the exclusion of coverage of such cities in the Bill as written and Senate Committee Amendment No. 2, does not prevent the Bill as written nor Amendment No. 2 from being a general law within the meaning of Section 56 of Article III of the Constitution of Texas.

In order for a population bracket to be used as a classification device, the premises upon which it is based must be consistent.

## SUMMARY

Senate Bill No. 103 and Senate Committee Amendment No. 2 use a consistent classification device and are constitutional. Amendment No. 1 is inconsistent with the basic premise of the classification device that the work load in counties with

a larger population is more strenuous. If adopted, it would make this Act a "local or special law" in violation of Section 56 of Article III of the Constitution of Texas.

Very truly yours,

WILL WILSON
ATTORNEY GENERAL

By B. H. Timmins, Jr.
B. H. Timmins, Jr.
Assistant

BHTjr:F

APPROVED:

OPINION COMMITTEE
By H. Grady Chandler,
Chairman