

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 27, 1958

Honorable Henry Wade
Criminal District Attorney
Dallas County
Records Building
Dallas, Texas

Opinion No. WW-403

Re: Legal authority for appointment of Purchasing Agent of Dallas County, Texas.

Dear Mr. Wade:

You have requested the opinion of this office on the following questions:

"1. What specific provisions of law now govern the appointment of the Purchasing Agent of Dallas County?

"2. What legislative or other action may be taken to clarify any lack of legal clarity, if any, in the present laws pertaining to the appointment of the Purchasing Agent?"

Section 11, Senate Bill 283, Acts 54th Legislature, Regular Session, Chapter 43, page 57, amends the "Dallas County Road Law", which is House Bill 862, Acts 51st Legislature, Regular Session, Chapter 311, page 579. The pertinent amendatory portion of Section 11 provides:

"The Commissioners' Court of said county may appoint a 'Purchasing Agent' for said county, whose duties, official bond, and compensation shall be fixed by said Commissioners' Court, . . ."

This act became effective March 29, 1955.

Section 1 of House Bill 452, Acts of 54th Legislature, Regular Session, Chapter 302, page 815, provides in part:

"In all counties of this State having a population of one hundred thousand (100,000) or more inhabitants according to the last preceding Federal Census, General or Special, a majority of a Board composed of the Judges of the District Courts and the

County Judge of such county, may appoint a suitable person who shall act as the County Purchasing Agent for such county, . . ."

Section 2 of this act contains the repealer clause which reads as follows:

"All laws or parts of laws in conflict herewith are hereby expressly repealed."

The above statute became effective on September 5, 1955.

Section 1 (a) of House Bill 736, Acts 55th Legislature, Regular Session, Chapter 185, page 382, provides in part:

"In all counties of this State having a population of one hundred thousand (100,000) or more inhabitants according to the last preceding Federal Census, General or Special, a majority of a Board composed of the Judges of the District Courts and the County Judge of such county, may appoint a suitable person who shall act as the County Purchasing Agent for such county, . . ."

This statute is set out in Texas Civil Statutes (Vernon's 1948) Article 1580 note. The above quoted Act tracked the language of House Bill 452, supra, as to method of appointment of the Purchasing Agent, while altering its provisions in subsequent language which is not pertinent to this opinion. This Act is a bracket population law providing for the appointment of a County Purchasing Agent.

Section 56, Article III of the Constitution of Texas, provides, in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . .

". . . .

"Regulating the affairs of counties, cities, towns, wards or school districts; . . ."

In the case of Miller v. El Paso County, 130 Tex. 370, 150 S.W. 2d 1000, the Court stated:

"Notwithstanding the above constitutional

provision /Art. III, Sec. 56/, the courts recog-
nize in the Legislature a rather broad power to
make classifications for legislative purposes and
to enact laws for the regulation thereof, even
though such legislation may be applicable only to
a particular class or, in fact, affect only the
inhabitants of a particular locality; but such
legislation must be intended to apply uniformly
to all who may come within the classification
designated in the Act, and the classification
must be broad enough to include a substantial class
and must be based on characteristics legitimately
distinguishing such class from others with respect
to the public purpose sought to be accomplished by
the proposed legislation.  In other words, there
must be a substantial reason for the classification.
. . .

"  . . .

"  . . .Resort to population brackets for
the purpose of classifying subjects for legislation
is permissible where the spread of population is
broad enough to include or segregate a substantial
class, and where the population bears some real re-
lation to the subject of legislation and affords a
fair basis for the classification. . . ."  (Brackets
ours).

This principle of law has been consistently recognized by
the Courts and by the Attorneys General of this State.  Rod-
riguez v. Gonzales, 148 Tex. 537, 227 S.W. 2d 791 (1950);
Bexar County v. Tyner, 128 Tex. 228, 97 S.W. 2d 467 (1936);
Oakley v. Kent,181 S.W.2d919 (Tex. Civ. App., 1944); Anderson
v. Wood, 137 Tex. 201, 152 S.W. 2d 1084 (1941); Attorney
General's Opinion R-2461.

It is important to note that Section 11, Senate Bill 283,
supra, expressly provided for appointment of a County Pur-
chasing Agent for Dallas County by the Commissioners' Court
of such County; whereas, Section 1 of House Bill 452 and
Section 1 (a), House Bill 736, supra, were both enacted sub-
sequent to the passage of the amendment to the Dallas County
Road Law and provided for the appointment of a Purchasing
Agent in counties of more than one hundred thousand (100,000)
population by the majority of the Judges of the District
Courts and the County Judge sitting as a Board.  Dallas County,
of course, is included within the purview of coverage of the

latter enactments, since its population is in excess of the prescribed one hundred thousand (100,000). According to the 1950 United States Census the population of Dallas County is 614,799.

With separate statutes providing for the appointment of a County Purchasing Agent for Dallas County, the provisions of which are inconsistent, the question arises as to which statute shall prevail. We are of the view that House Bill 452, supra, had the effect of expressly repealing Senate Bill 283, because it contained a general and express repealer and was a later expression of the intent of the 55th Legislature. Even if Senate Bill 283, supra, had remained in effect, it is our further opinion that as between it and House Bill 736, supra, the two statutes here in question are inconsistent and are in irreconcilable conflict, and each is repugnant to the other. Since both statutes pertain to the same subject and are thus in pari materia, the doctrine of repeal by implication is applicable in this instance. We can perceive of no construction which would give effect to both statutes by making the latter Act cumulative of the former.

Section 1 (a) of House Bill 736, supra, having been enacted by the 55th Legislature, is the last expression of the intention of the Legislature concerning appointment of a County Purchasing Agent in counties with a population in excess of 100,000. By settled rules of statutory construction, the latest expression of the Legislature is to control. Ex Parte De Jesus De La O, 227 S.W. 2d 212 (Tex.Crim. 1950); Stevens v. State, 159 S.W. 505 (Tex. Crim., 1913); Townsend v. Terrell, 118 Tex. 462, 16 S.W. 2d 1063 (1929); Wright v. Broeter, 143 Tex. 142, 196 S.W. 2d 82 (1946). We adopt the view that the two statutes may not be reconciled and cannot co-exist, and that the latter Act repealed the former by implication, and the final expression of legislative will is to the effect that the Purchasing Agent for Dallas County shall be appointed by "a majority of a Board composed of the Judges of the District Courts and the County Judge of such county".

In answer to your first question, you are advised that it is the opinion of this office that House Bill 452, supra, repealed Senate Bill 283, supra, and that even if such were not the case, Section 1 (a) of House Bill 736, Acts 55th Legislature, Regular Session, Chapter 185, page 382, set out in Texas Civil Statutes (Vernon's 1948) Article 1580 note, is controlling over Section 11 of Senate Bill 283, Acts 54th Legislature, Regular Session, Chapter 43, page 57. Pursuant to the provisions of Section 1 (a) of House Bill 736, supra, the County Purchasing Agent for Dallas County, Texas, shall be appointed by "a majority of a Board composed of the Judges of the District Courts and the County Judge of such county".

Regarding your second question, you are advised that we are of the opinion that no legislative or other action need be taken to clarify the present laws pertaining to the appointment of a Purchasing Agent of Dallas County, Texas.

We want to thank you for enclosing a copy of the very able opinion and brief which you have presented to the County Auditor and Judge of Dallas County on these questions. We have found the opinion by Messrs. Carl E. Broyles, John J. Fagan, and A. George Biggs, Assistant District Attorneys, very helpful in our consideration of this matter.

## SUMMARY

Section 1 of House Bill 452, Acts 54th Legislature, Regular Session, Chapter 302, page 815 repealed Section 11, Senate Bill 283, Acts 54th Legislature, Regular Session, Chapter 43, page 57. Also, Section 1 (a) of House Bill 736. Acts 55th Legislature, Regular Session, Chapter 185, page 382, set out in Texas Civil Statutes (Vernon's 1948) Article 1580 note, would none-the less be controlling over Section 11 of Senate Bill 283, Acts 54th Legislature, Regular Session, Chapter 43, page 57. Pursuant to the provisions of Section 1 (a) of House Bill 736, supra, the County Purchasing Agent for Dallas County, Texas, shall be appointed by "a majority of a Board composed of the Judges of the District Courts and the County Judge of such county". No legislation or

other action is needed to
clarify the present laws per-
taining to the appointment of
the Purchasing Agent of Dallas
County, Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas


By B. H. Timmins, Jr.
B. H. Timmins, Jr.
Assistant

BHT:wam:mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Milton Richardson
J. Arthur Sandlin
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

By:
W. V. Geppert