

# The Attorney General
# of Texas

### Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

May 12, 1959

Hon. Wardlow Lane, Chairman
Jurisprudence Committee
Senate of the State of Texas
Austin, Texas

Dear Mr. Lane:

Opinion No. WW-624

Re: Constitutionality of
H. B. 192 of the 56th
Legislature, relating
to delinquent tax no-
tices in counties hav-
ing a population of
175,000 or less.

You have requested our opinion as to the constitution-
ality of H. B. 192 of the 56th Legislature. The pertinent
provisions of the bill are as follows:

"Section 1. In all counties of this State having
a population of one hundred and seventy-five thou-
sand (175,000) or less whenever the collector of
taxes in a county mails to the owner of any real
property a statement of current taxes due against
such property, he shall include with such state-
ment, when applicable, a notice showing that de-
linquent taxes are due and unpaid against said
property.

"Section 2. . . . .

"Section 3. . . . .

"Section 4. The fact that many taxpayers are pay-
ing current taxes on property without the knowledge
of any tax delinquencies on the property on which
such taxes are being paid creates an emergency and
an imperative public necessity that the Constitu-
tional Rule requiring bills to be read on three
several days in each House be suspended, and the
same is hereby suspended, and this Act shall be in
force and effect from and after its passage, and
it is so enacted."

Engrossed Rider Number 1 adds the following provision:

"The provisions of this Act shall not apply to
counties with less than forty thousand (40,000)
population."

House Bill 192 imposes the duty of mailing delinquent tax notices with current tax statements upon tax collectors in counties having a population of 40,000 to 175,000. According to the last Federal census (1950) this category includes approximately twenty-seven counties.

Article III, Section 56, of the Texas Constitution provides in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . .

"Regulating the affairs of counties. . .

"Creating offices, or prescribing the powers and duties of officers, in counties. . ."

Resort to population brackets for the purpose of classifying subjects for legislation is permissible where the spread of population is broad enough to include or segregate a substantial class, and where the population bears some real relation to the subject of legislation and affords a fair basis for the classification. Miller v. El Paso County, 136 Tex. 370, 150 S.W. 2d 1000, (1941). There appears to be no reason why the counties segregated by House Bill 192 are distinct in any substantial manner from other counties in this State. There is nothing peculiar about a county having between 40,000 and 175,000 inhabitants as regards the purpose of the Bill, as stated in Section 4 thereof. Consequently, you are advised that the attempted classification is unreasonable and bears no relation to the objects sought to be accomplished; the bill amounts to a local or special law within the prohibition of Article III, Section 56, of the Texas Constitution, and is void.

For additional authorities, see: Smith v. Decker, 312 S.W. 2d 632 (Tex.Sup.Ct. 1958); Rodriguez v. Gonzales, 148 Tex. 537, 227 S.W. 2d 791 (1950); and Attorney General's Opinion No. O-5326 (1943), enclosed herewith, which was quoted extensively by Oakley v. Kent, 181 S.W. 2d 919 (Tex. Civ.App. 1944).

## SUMMARY

H. B. 192, 56th Leg., requiring the collector of taxes in counties having a population of 40,000 to 175,000 to mail

Hon. Wardlow Lane, Chairman, Page 3 (Opinion No. 624)

                notices of delinquent taxes with state-
                ments of current taxes due, is a local
                or special law within the prohibition
                of Article III, Section 56, of the Texas
                Constitution, and is void.

                            Very truly yours,

                            WILL WILSON
                            Attorney General

                            By _____
                               Jack N. Price
                               Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

J. C. Davis, Jr.
Leonard Passmore
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert