

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 17, 1964

Honorable W. G. Woods, Jr.
County Attorney
Liberty County
Liberty, Texas

Opinion No. C-227

Re:  Constitutionality of House
     Bill 757, Acts of the 58th
     Legislature, Regular Ses-
     sion, 1963, Chapter 395,
     page 973, codified in Ver-
     non's as Article 2103b,
     Vernon's Civil Statutes,
     relating to use of a jury
     wheel in certain counties.

Dear Mr. Woods:

You have requested our opinion on the constitution-
ality of House Bill 757, Acts of the 58th Legislature,
Regular Session, 1963, Chapter 395, page 973, codified in
Vernon's as Article 2103b, Vernon's Civil Statutes.

Section 1 of this Act provides:

"In any county not presently required
to use the jury wheel system and having a
population of twenty-nine thousand (29,000)
or more, according to the last preceding
Federal Census, the Commissioners Court upon
determining that the level and distribution
of the population of the county is such that
the use of a jury wheel would facilitate the
administration of justice may, thereafter,
adopt the use of the jury wheel for the selec-
tion of jurors for service in the district and
county courts."

Section 56 of Article III of the Constitution of Texas
prohibits the Legislature from passing any local or special
law regulating the summoning or empaneling of juries.  The
power of the Legislature to make classifications in prescrib-
ing the method of selecting juries is recognized by the courts
of this State.  <u>Northern Texas Traction Co. v. Danworth</u>, 116

S.W. 147 (Civ.App. 1909, error ref. ); Merkel v. State, 171
S.W. 738 (Tex.Crim. 1914); Herrera v. State, 180 S.W. 1097
(Tex.Crim. 1915).

In Rodriguez v. Gonzales, 148 Tex. 537, 227 S.W.2d 791,
the Court states the rule determining whether an Act consti-
tutes a local or special law within the meaning of Section 56
of Article III of the Constitution of Texas, as follows:

> "The primary and ultimate test of
> whether a law is general or special is
> whether there is a reasonable basis for
> the classification made by the law, and
> whether the law operates equally on all
> within the class."

In Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d
1000, the Court differentiated the general law from special
law in the following language:

> "Notwithstanding the above constitu-
> tional provision /Art.III, Sec. 56/, the
> courts recognize in the Legislature a
> rather broad power to make classifications
> for legislative purposes and to enact laws
> for the regulation thereof, even though
> such legislation may be applicable only to
> a particular class or, in fact, affect only
> the inhabitants of a particular locality;
> but such legislation must be intended to
> apply uniformly to all who may come within
> the classification designated in the Act,
> and the classification must be broad enough
> to include a substantial class and must be
> based on characteristics legitimately dis-
> tinguishing such class from others with
> respect to the public purpose sought to be
> accomplished by the proposed legislation.
> In other words, there must be a substantial
> reason for the classification. It must not
> be a mere arbitrary device resorted to for
> the purpose of giving what is, in fact, a
> local law the appearance of a general law."

Since the Act is applicable to counties having a popu-
lation of 29,000 or more, according to the last preceding
Federal Census, it is our opinion that Article 2103b, Vernon's
Civil Statutes, is not in violation of the provisions of Sec-
tion 56 of Article III of the Constitution of Texas. See At-
torney General's Opinion C-220 (1964).

The remaining question to be determined is whether the provisions of Article 2103b constitute an unlawful delegation of legislative power. It is noted that the use of the jury wheel for the selecting of jurors may be adopted by the commissioners court "upon determining that the level and distribution of the population of the county is such that the use of a jury wheel would facilitate the administration of justice." In Reynolds v. Dallas County, 203 S.W.2d 320 (Tex.Civ.App. 1947), the Court, in prescribing the conditions under which the Legislature may delegate to a governing body such as the commissioners court the power to accept or reject the benefits and provisions of an Act, stated:

> ". . . It is a long and well-settled rule of constitutional law that the legislature cannot delegate to the people or any board, bureau, commissioners court or other administrative or legal body or institution its authority to make laws; but that does not mean the legislature is without authority to confer a power upon a municipal corporation or its governing body authority and power to accept or reject the benefits and provisions of a general law legally enacted by the legislature. Conditions can, and frequently do, arise in which the legislature itself cannot, in a practical and efficient manner, exercise certain types of authority. It would seem the subject matter of the statute in question furnishes a practical demonstration of such a condition. Obviously the voting machines are designed to facilitate voting in those localities and precincts where, on account of the large number of electors eligible to vote, the process of voting becomes congested, and makes it difficult for the election to become completed and all electors accommodated within the time allowed for its completion; whereas, in other sections and precincts, no difficulty in that respect is encountered. In the first class of sections and precincts the voting machines are no doubt beneficial and perhaps necessary but they are not needed in the latter class. It would be difficult if not impossible, for the legislature to ascertain the places where the machines were needed and distinguish those in which they are not needed. In such conditions it is the well-established rule

that the Legislature is authorized to delegate to local authorities the power and authority to determine whether or not a general statute shall become effective within their respective jurisdictions. Johnson v. Martin, 75 Tex. 50, 12 S.W. 321; Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070; State Highway Dept. v. Gorham, 139 Tex. 361, 162 S.W.2d 934. In Trimmier v. Carlton, supra, Chief Justice Cureton, speaking on the question for the Supreme Court, observed that the exercise of that particular type of authority by the legislature is recognized as an exception to the general language of limitation in the Constitution; that it was merely tantamount to saying that the Constitution itself does not require the impracticable or the impossible."

It is our opinion that the principles announced in Reynolds v. Dallas County are applicable to the provisions of Article 2103b, Vernon's Civil Statutes. You are therefore advised that the Legislature is authorized to delegate to local authorities the power and authority to determine whether the use of a jury wheel would facilitate the administration of justice, and therefore it is our opinion that House Bill 757, Acts of the 58th Legislature, Regular Session, 1963, Chapter 395, page 973, codified in Vernon's as Article 2103b, Vernon's Civil Statutes, is constitutional.

## SUMMARY

House Bill 757, Acts of the 58th Legislature, Regular Session, 1963, Chapter 395, page 973, codified in Vernon's as Article 2103b, Vernon's Civil Statutes, is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*

John Reeves
Assistant

JR:ms

Hon. W. G. Woods, Jr., page 5 (C-227)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
James M. Strock
Edward R. Moffett
Linward Shivers
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By:  Howard W. Mays