

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 21, 1964

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. C-220

Re: Constitutionality of
Articles 3930 and
3930a, V.C.S.

Dear Mr. Resweber:

Your request for an opinion reads as follows:

"Mr. S. B. Bruce, Auditor of Harris
County, has requested that this office
obtain an opinion from you as to whether
Articles 3930 (a) and 3930 V.T.C.S. are
in accord with the Constitution of the
State of Texas. This office has previous-
ly rendered an opinion upon these ques-
tions to R. E. Turrentine, Jr., in res-
ponse to his request for same.

"Your opinion is respectfully request-
ed as to these questions, and the answers
to them contained in the opinion of our of-
fice, as indicated, a copy of which is at-
tached hereto."

The questions of Mr. R. E. Turrentine, Jr., are as
follows:

"(1) Was the Article 3930 /Section 4
of House Bill 642, Acts of the 49th Legis-
lature, Regular Session, 1945, Chapter 368,
page 662, at page 664/ which immediately
preceded the present Article 3930 R.C.S. of
Texas, 1925, /Section 1 of Senate Bill 237,
Acts of the 55th Legislature, Regular Ses-
sion, 1957, Chapter 228, page 477/ constitu-
tional?

"(2) Is the present Article 3930 R.C.S.
of Texas, 1925, /Section 1 of Senate Bill
237, Acts of the 55th Legislature, Regular
Session, 1957, Chapter 228, page 477/ consti-
tutional?

-1057-

"(3) Is the present Article 3930 (a) R.C.S. of Texas, 1925 /Section 1 of House Bill 706, Acts of the 57th Legislature, Regular Session, 1961, Chapter 495, page 1099/ constitutional? /Brackets ours/

"(4) If, in your opinion, the three statutes referred to above should be unconstitutional or, if any two of the three should be unconstitutional, would there be any greater violation in law in using one of the statutes as against using another of the statutes?

"(5) If, in your opinion, two or more of the above statutes should be determined to be unconstitutional, would it not be imperative that suit be filed before the Supreme Court to get a definite determination of the constitutionality of the three statutes cited?"

Article 3930, Revised Civil Statutes of Texas, 1925, as amended by Section 4 of House Bill 642, Acts of the 49th Legislature, Regular Session, 1945, Chapter 368, page 662, prescribes the fees that the clerks of the county court shall receive. Section 20 of Article V of the Constitution of Texas specifically authorizes the Legislature to prescribe the fees of office for the county clerks. You are therefore advised in answer to your first question that Article 3930, Revised Civil Statutes of Texas, 1925, as amended by the 1945 Act referred to above, was constitutional.

Article 3930, Revised Civil Statutes of Texas, 1925, as amended by Section 1 of Senate Bill 237, Acts of the 55th Legislature, Regular Session, 1957, Chapter 228, page 477, prescribes the fees of office of the county clerk. In answer to your second question, you are advised that since the Legislature is specifically authorized to prescribe the fees of county clerks, Article 3930, Revised Civil Statutes of Texas, 1925, as amended, is constitutional.

Article 3930a, Vernon's Civil Statutes, is an Act applicable to county clerks and clerks of the county courts in counties having a population of 1,200,000 inhabitants or more according to the last preceding Federal Census. It prescribes the fees county clerks are to receive in such counties, subject to the adoption of the Act by the commissioners court of a county otherwise qualified.

Section 56 of Article III of the Constitution of Texas prohibits the enactment of local or special laws regulating affairs of counties. However, courts of this State, in construing the provisions of Section 56 of Article III have held that a statute is not local or special within the meaning of the Constitution even though its enforcement be restricted to a particular locality if persons or things throughout the State are affected thereby or if it operates upon a subject in which the people at large are interested. Clark v. Finley, 93 Tex. 171, 54 S W. 343 (1899); Reed v. Rogan, 94 Tex. 177, 59 S.W. 255 (1900); Stephenson v. Wood, 119 Tex. 564, 34 S.W. 2d 564 (1931); McGee Irrigating Ditch Company v. Hutton, 85 Tex. 587, 22 S.W. 967 (1893); Handy v. Johnson, 51 Fed.2d 809, (E.D. Tex. 1931); Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629 (1935); Lower Neches Valley Authority v. Mann, 140 Tex. 294, 167 S.W.2d 1011 (1943); Lamon v. Ferguson, 213 S.W.2d 86 (Tex.Civ.App., 1948).

The primary and ultimate test of whether a law is general or special is whether there is a reasonable basis for the classification made by the law or whether the law operates equally on all within the class. Rodriguez v. Gonzales, 148 Tex. 537, 227 S.W.2d 791 (1950); Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936); Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941).

The emergency clause of House Bill 706, Acts of the 57th Legislature, Regular Session, 1961, Chapter 495, page 1099, at page 1101, codified in Vernon's as Article 3930a, Vernon's Civil Statutes, states that the fact that the Officers' Salary Fund in the counties of Texas affected by the provisions of this Act are inadequate and insufficient to take care of the expenses of the officers affected, thereby placing an extra burden on the already overburdened general funds of such counties, creates an emergency.

Since the Act is applicable to counties having a population of 1,200,000 inhabitants or more according to the latest Federal Census, it is our opinion that Article 3930a is not in violation of the provisions of Section 56 of Article III of the Constitution of Texas.

The remaining question to be determined is whether the provisions of Article 3930a, making its provisions subject to the adoption by the commissioners court at the written request of the clerk, constitutes an unlawful delegation of legislative power.

The caption of the 1961 Act, codified in Vernon's as Article 3930a, Vernon's Civil Statutes, provides that its provisions

shall be "subject to the adoption of this Act by the Commissioners Court of a county otherwise qualified." The body of the Act provides "County clerks and clerks of the county courts in counties having one million, two hundred thousand (1,200,000) or more population, according to the latest Federal Census, are hereby authorized to receive the following fees for their services in lieu of all other fees authorized by statute, provided the Commissioners Court of an otherwise qualified county shall pass an order, at the request of said clerk, adopting and applying the provisions of this Act to said clerk . . ."

Thus it is seen that the Legislature has attempted to grant to the commissioners court and the county clerk the power to suspend or not to suspend the operation of House Bill 706, Acts of the 57th Legislature, Regular Session, 1961, Chapter 495, page 1099, contrary to Section 28 of Article I of the Texas Constitution.

In discussing the question of delegation of legislative power, it was stated in State v. Swisher, 17 Tex. 441 (1854):

"The mode in which the acts of the Legislature are to become laws is distinctly pointed out by our Constitution. After an act has passed both houses of the Legislature, it must be signed by the speaker of the house and the president of the senate. It must then receive the approval of the Governor. It is then a law. But should the Governor veto it and send it back, it can only become law by being passed again by both houses, by a constitutional majority. There is no authority for asking the approval of the voters at the primary elections in the different counties. It only requires the votes of their representatives in a legislative capacity. But, besides the fact that the Constitution does not provide for such reference to the voters to give validity to the acts of the Legislature, we regard it as repugnant to the principles of the representative government formed by our Constitution. Under our Constitution the principle of lawmaking is that laws are made by the people, not directly, but by and through their chosen representatives. By the act under consideration this principle is subverted, and the law is proposed to be made at last by the popular vote of the people, leading inevitably to what was intended to be avoided, confusion and great popular excitement in the enactment of laws."

In <u>Lyle v. State</u>, 80 Tex.Crim. 606, 193 S.W. 680 (1917), it was held:

"Granting the correctness of these decisions construing section 1, art. 28, of the Constitution, the principle in the pool hall law is unsound. They so definitely establish the rule of construction in this state applying to the section of the Constitution mentioned that overruling them could only be justified, as said by Chancellor Kent, 'upon very urgent reasons and clear manifestation of error.' It is conceived that the reasons supporting the decisions of this state under the constitutional provision that the Legislature has no power to delegate its authority or suspend laws either to the people or to other agencies of government are sound. If the contrary were true, and the principle sought to be applied in the pool hall law became a fixed rule in this state, it would be possible for the Legislature to delegate to the people of a given community the right to suspend the operation of the various police regulations adopted by the Legislature. The question, for example, as to whether the Sunday laws or the pure food laws or other police regulations of the state would be operative in given localities would not be dependent upon the act of the Legislature which passed the laws for the government of the entire state, but communities and subdivisions of the state would be permitted by popular vote to determine whether or not they would be governed by the law in question. The framers of the Constitution when they wrote section 28 of article 1 of the Constitution, abandoning the provision theretofore existing that laws might be suspended by the authority of the Legislature, and asserted in the new Constitution that they could be suspended alone by the Legislature, were not without foresight as to the mischievous consequences that might flow from extending to the Legislature the power to delegate its authority to suspend laws. Whatever considerations induced the framers of the Constitution to adopt the provision mentioned, it is a part of the organic law of the state; it has been upheld by the judicial decisions of the state . . ."

For a similar decision, see <u>Ex parte Mitchell</u>, 109 Tex. 11, 177 S.W. 953 (1915).

In <u>Reynolds v. Dallas County</u>, 203 S.W.2d 320 (Tex.Civ. App., 1947), the Court, in prescribing the conditions under which the Legislature may delegate to a governing body, such as the commissioners court, the power to accept or reject the benefits and provisions of an Act, stated:

> " . . . it is a long and well-settled rule of constitutional law that the legislature cannot delegate to the people or any board, bureau, commissioners court or other administrative or legal body or institution its authority to make laws; but that does not mean the legislature is without authority to confer a power upon a municipal corporation or its governing body authority and power to accept or reject the benefits and provisions of a general law legally enacted by the legislature. Conditions can, and frequently do, arise in which the legislature itself cannot, in a practical and efficient manner, exercise certain types of authority. It would seem the subject matter of the statute in question furnished a practical demonstration of such a condition. Obviously the voting machines are designed to facilitate voting in those localities and precincts where, on account of the large number of electors eligible to vote, the process of voting becomes congested and makes it difficult for the election to become completed and all electors accommodated within the time allowed for its completion; whereas, in other sections and precincts, no difficulty in that respect is encountered. In the first class of sections and precincts the voting machines are no doubt beneficial and perhaps necessary but they are not needed in the latter class. It would be difficult if not impossible, for the legislature to ascertain the places where the machines were needed and distinguish those in which they were not needed. In such conditions it is the well-established rule that the legislature is authorized to delegate to local authorities the power and authority to determine whether or not a general statute shall become effective within their respective jurisdictions. Johnson v. Martin, 75 Tex. 50, 12 S.W. 321; Trimmier

v. Carlton, 116 Tex. 572, 296 S.W. 1070; State Highway Dept. v. Gorham, 139 Tex. 361, 162 S.W.2d 934. In Trimmier v. Carlton, supra, Chief Justice Cureton, speaking on the question for the Supreme Court, observed that the exercise of that particular type of authority by the legislature is recognized as an exception to the general language of limitation in the Constitution; that it was merely tantamount to saying that the Constitution itself does not require the impracticable or the impossible."

It is our opinion that the power and duty of the Legislature to prescribe fees for the county clerks of this State is not such a power as may be delegated to the commissioners court contingent upon the written request of the clerk. It is neither impractical nor impossible for the Legislature to determine what fees are to be prescribed; quite the contrary, the Constitution places this duty on the Legislature and the Legislature has exercised this power throughout the years. It is therefore our opinion that the provisions of Article 3930a, Vernon's Civil Statutes, making the fees prescribed therein subject to the adoption of the Act by the commissioners court following request by the clerk, are unconstitutional, as being an unlawful delegation of legislative power. Since these provisions are not capable of being severed without changing the intent of the Legislature, it is our opinion that the entire Act must fall. You are therefore advised that the provisions of Article 3930a are invalid.

In answer to your fourth question, you are advised that since the provisions of Article 3930a are invalid, the fees to be prescribed by the county clerk are governed by the provisions of Article 3930, Revised Civil Statutes of Texas, 1925, as amended (Section 1 of Senate Bill 237, Acts of the 55th Legislature, 1957, Chapter 228, page 477).

It is not necessary to answer your fifth question as it was contingent upon our holding that two or more of said statutes are unconstitutional.

## SUMMARY

Article 3930, Revised Civil Statutes of Texas, 1925, as amended, prescribing fees of county clerks, is constitutional.

Article 3930a, Vernon's Civil Statutes, prescribing fees of county clerks in counties

having a population of 1,200,000 inhabitants
or more, and making its provisions subject
to the adoption by the commissioners court,
is unconstitutional and invalid since the
same constitutes an unlawful delegation of
legislative power.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Appleman
H. Grady Chandler
Milton Richardson
Lloyd Martin

APPROVED FOR THE ATTORNEY GENERAL
By:  Howard W. Mays