Dan Thomas v. Brian G. Nye, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-320-CV

     DAN THOMAS,
                                                                         Appellant
     v.

     BRIAN G. NYE, ET AL.,
                                                                         Appellees
 

From the 258th District Court
Polk County, Texas
Trial Court # CIV-18649
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Thomas appeals an order of the trial court dismissing his pro-se informa pauperis
lawsuit as frivolous.
      Appellant, an inmate at the Terrell Unit of the Institutional Division of the Texas Department
of Criminal Justice in Polk County, filed suit against Sgt. Brian G. Nye, Phillip D. Griggs,
Christopher Sqier, Justin Gilbert and Jason T. Hughes, all correctional officers at the Terrell Unit. 
Appellant alleged that on May 19, 2000, Sgt. Nye made a false accusation against him, that he
denied same; that Sgt. Nye yelled “fight,” and that the other correctional officers put him to the
ground and then beat him up. Appellant sued Appellees for personal injury, assault and battery,
civil conspiracy, intentional infliction of emotional distress and excessive use of force. Appellant
sought $10,000 actual and $500 exemplary damages from each Appellee.
      Prior to the service of process on Appellees, the trial court dismissed the case with prejudice
as frivolous. The trial court made findings that Appellant was an inmate who filed the case
informa pauperis without an affidavit or declaration identifying each suit previously filed pro-se;
failed to state the operative facts for which relief was sought; failed to list the style, cause number
and court in which a previous suit was filed; failed to identify each party named in a previous suit;
failed to state the result of a previous suit; failed to state the date of the final order dismissing a
previous suit pursuant to Section 14.003, Tex. Civ. Prac. & Rem. Code and failed to file a
certified copy of the inmates trust account statement.
      Appellant appeals pro-se presenting two issues.
      In his first issue, Appellant contends that the trial court abused its discretion in dismissing his
lawsuit prior to service of citation under Chapter 14 of the Texas Civil Practice and Remedies
Code.
      Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by an
inmate who has filed “an affidavit or unsworn declaration of inability to pay costs.” Section
14.003 allows a court to dismiss a suit before or after process is served if the court finds: 1) that
the allegation of poverty is false, or 2) the claim is frivolous or malicious.
      Section 14.004 requires that the inmate file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case number, the case name,
the court in which it was brought, the names of the parties, and the result of the suit. This section
also requires that the inmate file a certified copy of his trust account statement from the
department.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Stated another
way: Was the act of the court arbitrary or unreasonable? Smithson v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1984).
      Appellant’s petition was not accompanied by an affidavit or unsworn declaration required by
Chapter 14. Thus, there was no abuse of discretion in the trial court’s dismissal of Appellant’s
case. Hickson v. State, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).
      Issue 1 is overruled.
      In his second issue, Appellant contends that Section 14.004, Chapter 14, Texas Civil Practice
and Remedies Code violates the Texas Constitution. Specifically, Appellant contends that Section
14.004 violates Sections 3, 3a, 13, 15 and 19 of Article 1 and Section 56 of Article 3, of the Texas
Constitution.
      Section 3, Article 1 provides that all free men have equal rights, and that no man is entitled
to exclusive privilege, but in consideration of public service.
      Section 3a, Article 1 provides that equality under the law shall not be denied because of race,
color, and/or national origin.
      Section 13, Article 1 prohibits excessive bail or fines and unusual punishment and provides
that all courts are open and every person has a remedy by due course of law for injury done him
to his lands, goods, person or reputation.
      Section 15, Article 1 provides that the right of trial by jury shall remain inviolate.
      Section 19, Article 1 provides that no person shall be deprived of life, liberty, property,
privileges or immunities except by due course of the law of the land.
      We have previously held that Chapter 13 (Predecessor to Chapter 14) does not violate Sections
13 and 19 of Article 1 of the Texas Constitution. Spellman v. Sweeney, 819 S.W.2d 909, 910
(Tex. App.—Waco 1991, no writ). We now hold that Sections 3, 3a, 13, 15 and 19 are not
violated by Section 14.004 of the Texas Civil Practice and Remedies Code.
      Section 14.004, Texas Civil Practice and Remedies Code requires the listing and details of
each prior lawsuit filed pro-se by the inmate; and a certified copy of the inmate’s trust account. 
Section 3, Article 1 of the Texas Constitution, providing that all men have equal rights; Section
3a, Article 1 of the Texas Constitution, providing that equality under the law shall not be denied
because of race, color, and/or national origin; and Section 15, Article 1 of the Texas Constitution,
providing “for the right of trial by jury” are not violated by the requirements of Section 14.004
of the Texas Civil Practice and Remedies Code.
      Section 56, Article 3 of the Texas Constitution provides in relevant part, that where a general
law can be made applicable, no special law shall be enacted.
      Appellant contends that Section 14.004, Chapter 14, Texas Civil Practice and Remedies Code
is a special law, and thus, violates Article 3, Section 56 of the Texas Constitution.
      The primary and ultimate test of whether a law is general or special is whether there is a
reasonable basis for the classification made by the law, and whether the law operates equally on
all within the class. Rodriguez v. Gonzales, 227 S.W.2d 791, 793 (Tex. 1950); Maple Run v.
Monaghan, 931 S.W.2d 941, 945 (Tex. 1996).
      If the classification made by the law “is not based on a reasonable and substantial difference
in kind, situation or circumstances bearing a proper relation to the purpose of the statute,” it is a
special law. Id.
      Chapter 14, Inmate Litigation, was enacted by the Legislature to control the flood of frivolous
lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial
resources with little off setting benefit. Hickson, id., p. 399. There was a reasonable basis for
the classification made by the law, i.e., inmates filing as a pauper, and the law operates equally
to all within the class. Thus, the law is not a special law and is not violative of Section 56,
Chapter III of the Texas Constitution.
      Issue 2 is overruled.
      The judgment is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 18, 2001
Do not publish