Dan Thomas v. J. Frerichs and T. Brooks















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-330-CV

     DAN THOMAS,
                                                                         Appellant
     v.

     J. FRERICHS AND T. BROOKS,
                                                                         Appellees
 

From the 411th District Court
Polk County, Texas
Trial Court # CIV 18102
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Thomas appeals an order of the trial court dismissing his pro-se informa-pauperis
lawsuit as frivolous.
      Appellant, an inmate at the Terrell Unit of the Institutional Division of the Texas Department
of Criminal Justice in Polk County, filed suit against Jarrold Frerichs and Tasha Brooks,
correctional officers at the Terrell Unit. Appellant alleged that he was a Muslim and that
Appellees denied him the right to participate in the Muslim Jumah prayer services. He alleged his
First Amendment right to free exercise of religion was violated, and that because he was denied
the opportunity to attend worship services, he experienced headaches, elevated high blood pressure
and suffered humiliation and emotional distress. Appellant sought actual and punitive damages.
      Appellees filed an answer and then filed a motion to dismiss pursuant to Chapter 14 of the
Texas Civil Practice and Remedies Code. The trial court granted the motion to dismiss.
      Appellant appeals presenting two issues.
      In issue one, Appellant contends that the State’s failure to file special exceptions or a plea in
abatement to Appellant’s pleadings waived their right to complain about defects in those pleadings.
      Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by an
inmate who has filed an “affidavit or unsworn declaration of inability to pay costs.” Section
14.003 allows a court to dismiss a suit before or after process is served if the court finds: 1) that
the allegation of poverty is false, or 2) the claim is frivolous or malicious.
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the cause number, the case name,
the court in which it was brought, the names of the parties, and the result of the suit.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Stated another
way: Was the act of the court arbitrary or unreasonable? Smithson v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1994).
      Appellant’s petition was not accompanied by an affidavit or unsworn declaration as required
by Chapter 14. Thus, there was no abuse of discretion in the trial court’s dismissal of Appellant’s
case. Hickson v. State, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).
      Appellant argues that the failure of the State to file a special exception or plea in abatement
to Appellant’s pleadings waived his pleadings’ defects.
      It is true that Rule 90, Tex. R. Civ. P., (promulgated by the Supreme Court) provides:
 
that every defect, omission or fault in a pleading, either of form or of substance, which
is not specifically pointed out by exception in writing and brought to the attention of the
trial court before judgment is signed, shall be waived.

      But the foregoing does not help Appellant because Section 14.014 of Chapter 14, entitled
Conflict with Texas Rules of Civil Procedure provides that “this chapter may not be modified or
repealed by rule of the Supreme Court.”
      Appellant’s first issue is overruled.
      In his second issue, Appellant contends that Section 14.004 is violative of the Texas
Constitution. Specifically, Appellant contends that Section 14.004 violates Sections 3, 3A, 15 and
19 of Article 1 and Section 56, Article 3.
      Section 3, Article 1, provides that all free men have equal rights and that no man is entitled
to exclusive privilege, but in consideration of public service.
      Section 3A, Article 1, provides that equality under the law shall not be denied because of
race, color and/or national origin.
      Section 15, Article 1, provides that the right of trial by jury shall remain inviolate.
      Section 19, Article 1, provides that no person shall be deprived of life, liberty, property,
privileges or immunities except by due course of the law of the land.
      We have previously held that Chapter 13 (predecessor to Chapter 14) does not violate Section
19, Article 1 of the Texas Constitution. Spellman v. State, 819 S.W.2d 909, 910 (Tex.
App.—Waco 1991, no writ). We now hold that Sections 3, 3A, and 15 of Article 1 are not
violated by Section 14.004 of the Texas Civil Practice and Remedies Code.
      Section 56, Article 3, of the Texas Constitution provides in relevant part, that where a general
law can be made applicable, no special law shall be enacted.
      Appellant contends that Section 14.004, Chapter 14, Texas Civil Practice and Remedies Code
is a special law, and is thus, violative of Section 56, Article 3 of the Texas Constitution.
      The primary and ultimate test of whether a law is general or special is whether there is a
reasonable basis for the classification made by the law, and whether the law operates equally on
all within the class. Rodriquez v. Gonzales, 227 S.W.2d 791, 793 (Tex. 1950); Maple Run v.
Monaghan, 931 S.W.2d 941, 945 (Tex. 1996).
      If the classification made by law “is not based on a reasonable and substantial difference in
kind, situation or circumstances bearing a proper relation to the purpose of the statute,” it is a
special law. Id.
      Chapter 14, Inmate Litigation, was enacted by the Legislature to control the flood of frivolous
lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial
resources with little offsetting benefits. Hickson, p. 399. There was a reasonable basis for the
classification made by the law, i.e., inmates filing as a pauper, and the law operates equally to all
within the class. Thus, the law is not a special law and is not violative of Section 56, Article 3
of the Texas Constitution.
      Appellant’s second issue is overruled.
      The judgment is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 16, 2001
Do not publish