**STATE BOARD OF INSURANCE et al.,**
Appellants,

v.

**SAM HOUSTON LIFE INSURANCE COMPANY, Appellee.**

No. 10826.

Court of Civil Appeals of Texas.

Austin.

Feb. 22, 1961.

Rehearing Denied March 29, 1961.

Will Wilson, Atty. Gen., Fred B. Werkenthin, R. V. Loftin, Jr., Asst. Attys. Gen., Texas, for appellants.

H. H. Evans, Houston, for appellee.

ARCHER, Chief Justice.

This suit was instituted in the 98th District Court of Travis County, Texas, by Sam Houston Life Insurance Company against the State Board of Insurance and the Commissioner of Insurance seeking to have set aside and adjudged invalid certain orders entered by said Board and Commissioner affecting two of Sam Houston's life insurance policy forms. The trial court held that the orders in question withdrawing an exemption from the terms of Article 3.42 previously accorded the forms in question were null and void as the policy forms had been approved by operation of law.

The questions in this case involve the proper construction of Article 3.42 of the Insurance Code, V.A.T.S. The merits of the policy forms themselves are not involved.

Appellant contends that the effect of the judgment is to hold that "the thousands of policy forms on file with the Board under the 'old' Article 3.42 have become automatically approved under the more complex and stringent requirements of the 1957 amendment to such article, despite the exemption orders entered by the Board and the Commissioner pursuant to paragraph (e) of Article 3.42, and despite the legislative direction that each policy form be subject to scrutiny under the new law."

Article 3.42 formerly provided:

"Life insurance companies shall, within five (5) days after the issuance of, and the placing upon the market, any form of policies of life insurance, file a copy of such form of policy with the Board of Insurance Commissioners."

Under this statute the Board would check policy forms tendered for filing to determine if such complied with the law. Any objections were communicated to the company so that required changes could be made,

and when changes were made the forms were marked "filed," thus connoting final acceptance of the particular form. This procedure was under the general duty and responsibility of the Department to see that the laws relating to insurance companies were obeyed.

Senate Bill 438, effective August 22, 1957, amended Article 3.42 in several particulars, which read in part as follows:

"(a) No policy, contract or certificate of life, term or endowment insurance, group life or term insurance, industrial life insurance, accident or health insurance, * * * hospitalization insurance, group hospitalization insurance, medical or surgical insurance, group medical or surgical insurance, or fraternal benefit insurance, and no annuity or pure endowment contract or group annuity contract, shall be delivered, issued or used in this state by a life, accident, health or casualty insurance company, a mutual life insurance company, mutual insurance company other than life, mutual or natural premium life insurance company, general casualty company, Lloyds, reciprocal or inter-insurance exchange, fraternal benefit society, group hospitalization service or any other insurer, unless the form of said policy, contract or certificate has been filed with the Board of Insurance Commissioners and approved by said Board as provided in Paragraph (c) of this Article."

Paragraph (c) reads:

"(c) Every such filing hereby required shall be made not less than thirty days in advance of any such issuance, delivery or use. At the expiration of thirty days the form so filed shall be deemed approved by the Board of Insurance Commissioners unless prior thereto it has been affirmatively approved or disapproved by the written order of said Board. The Board of Insurance Commissioners may extend by not more than an additional thirty days the period within which it may so affirmatively approve or disapprove any such form, by giving notice of such extension before expiration of the initial fifteen day period and at the expiration of any such extended period, and in the absence of such prior affirmative approval or disapproval, any such form shall be deemed approved."

Paragraph (d) provides that the grounds of subsequent disapproval shall be stated. Paragraph (e) reads:

"(e) The Board of Insurance Commissioners may, by written order, exempt from the requirements of this Article for so long as it deems proper, any insurance document or form specified in such order, to which in its opinion this Article may not practicably be applied, or the filing and approval of which are, in its opinion, not desirable or necessary for the protection of the public."

Paragraph (f) reads as follows:

"(f) The Board of Insurance Commissioners shall forthwith disapprove any such form, or withdraw any previous approval thereto if, and only if

"(1) It is in any respect in violation of or does not comply with this Code.

"(2) It contains provisions which encourage misrepresentation or are unjust, unfair, inequitable, misleading, deceptive or contrary to law or to the public policy of this state.

"(3) It has any title, heading or other indication of its provisions which is misleading."

On the effective date of S.B. 438, there were over 32,000 policy forms on file with the Board.

On July 10, 1957 the Board issued its order No. 453, as follows:

"* * * It is shown to the Board that many thousands of insurance poli-

cy forms have been filed with the Commissioner of Insurance or the Board of Insurance Commissioners under various laws dating back to approximately 1909, and that the approval of such of said forms as are currently in use will become an immediate burden of the Commissioner of Insurance unless an exemption is granted under authority of Article 3.42, Texas Insurance Code.

"Premises considered, the Board, deeming such action proper for the systematic approval of policy forms currently being filed and recognizing that it is impossible for the Commissioner of Insurance to make immediate review of all forms heretofore filed, hereby declares a policy of exempting from Article 3.42 the following forms, pending such time as the Commissioner is able to review, and approve or disapprove, currently-submitted forms:

"1. All those forms whose approval is required by Article 3.42, as amended, provided such forms shall have been approved or filed with the Board of Insurance Commissioners, the State Board of Insurance, or the Commissioner of Insurance prior to August 22, 1957. As herein used, 'filed' refers only to those forms which have been accepted for filing, and does not include those forms which have merely been submitted for filing and whose formal acceptance for filing is pending.

"2. All those forms whose approval is required by Article 3.42, as amended, provided such forms are issued by any society, company, or other insurer whose activities are by statute exempt from the control of the State Board of Insurance and the Commissioner of Insurance and which is not entitled by statute to an exemption certificate from the State Board of Insurance or the Commissioner of Insurance."

Pursuant to Board Order No. 453, the Commissioner on July 10, 1957 issued his order No. 55. This order provided for the same class of exemptions and directing each insurer to prepare a list of all of its forms exempt thereunder which it intended to continue using in Texas.

Comissioner's Order No. 83 added to the group exempted all forms submitted prior to July 24, 1957.

The Board's Order No. 887 dated April 4, 1958, stated that there were 31,977 forms in use which had been exempted by virtue of the prior orders, and which had not been approved in accordance with Article 3.42 as amended, and the Commissioner was directed, in order to secure an orderly withdrawal of exemption to:

"1) To furnish each company a list of its policy forms then exempt

"2) To request each company to review each such form on which approval is desired under Article 3.42

"3) To request each company to certify such of the forms as in its opinion complies with the Insurance Code."

Subsequent to receiving the lists the Commissioner was directed to make test checks of the forms and if satisfactory to continue to exempt the lists from the requirements of Article 3.42, and if some forms failed to be eligible the Commissioner was to withdraw the exemption.

On May 28, 1958, Board Order 960 limited the prior instructions to apply to ordinary life forms and to allow an insurer· to state exceptions to the certificate to full compliance with the Code.

Appellee did not file any exception to full compliance in regard to the policy forms in question.

On December 31, 1958 the Commissioner issued Order No. 3249, dividing ordinary life insurance policy forms of each company into three classes: (1) Those certified without reservation, (2) those certified with exceptions and (3) those not certified. Ex-

emption was withdrawn from the latter class.

On January 27, 1959, appellee was given notice of a hearing to be held on the question of "whether or not the exemption should be withdrawn from the investment type policies."

The policy forms involved are numbers 110 5–52, Rev. 9–55 filed on August 2, 1956, a copy being Exhibit B, and 131 12–56 filed June 12, 1957, a copy being Exhibit C. We have not inserted these forms because no useful purpose can be had by so doing, since the merits of the forms themselves are not involved. The only question involves the proper construction of Article 3.42 of the Insurance Code.

The notices stated that certain specific points would be considered, towit:

"1. The practicability of applying Article 3.42 of the Insurance Code to the subject form.

"2. The desirability and necessity, from the standpoint of protection to the public, of subjecting the form to the filing and approval procedures prescribed by Article 3.42.

"3. Whether or not those provisions of the subject policy captioned 'Diversified Investment Fund' encourage misrepresentation.

"4. Whether or not those provisions designated 'Diversified Investment Fund' would obligate the insurer to engage in a business beyond its charter powers.

"5. Whether or not the subject policy contains provisions which promise returns and profits as an inducement to insurance; and if it should be determined that the policy does contain such provisions, the statutory authority for the issuance of policies containing such provisions.

"6. Whether or not those policy provisions which restrict the investment powers of the insurer's directors are in compliance with the Insurance Code."

On February 16, 1959, the hearing was expanded to include the question of whether or not the provisions of the policy forms captioned "Diversified Investment Fund" are unjust, deceptive, etc., or contrary to law, etc.

After a hearing the Commissioner issued Orders Nos. 3819 and 3820, which are to the effect that the forms are contrary to the provisions of Subsection (f) of Article 3.42 and other provisions of the Code, and concluded that the forms "should be subjected to the filing and approval procedures prescribed by Article 3.42, Texas Insurance Code, in that it is desirable, necessary and practical to do so for the protection of the public of this State," and withdrew the exemption from those forms and directed that they not be used until an affirmative approval.

The Insurance Company appealed to the Board, which, after a hearing, issued its Order No. 1698 from which an appeal was taken.

On May 25, 1959, a hearing was had by the Board and on June 4, 1959, the Board issued its Order No. 1698, as follows:

"No. 1698

"Record of Official Action
of the
State Board of Insurance
Austin, Texas
"Date Jun 4 – 1959

"Subject Considered:

"Application of Sam Houston Life Insurance Company, Houston, Texas, for Review of Official Order Nos. 3819 and 3820 of the Commissioner of Insurance

"General remarks and official action taken

"On the 4th day of June, 1959, came on for consideration by the State Board of Insurance the application of Sam Houston Life Insurance Company for a review by the Board of Official Order Numbers 3819 and 3820, dated March 31, 1959, entered by the Commissioner of Insurance concerning Policy Form

Number 110–5–52, Rev. 9–55, including Endorsement Form Number DIF 130 6–56, and Policy Form Number 131 12–56, including Endorsement Form Number DIF 130 6–56, issued by Sam Houston Life Insurance Company.

"A public hearing on the application was held before the State Board of Insurance on May 25, 1959, and the Company appeared and was represented by its attorney, Mr. H. H. Evans, and its Vice President, Mr. R. R. Bond, who presented evidence and testimony in support of the Company's application.

"Based on the evidence and testimony presented at the public hearing, including the briefs and arguments of Counsel, and after having fully reviewed the Orders and action of the Commissioner, the Board hereby affirms Commissioner Order Numbers 3819 and 3820 withdrawing the exemption from Article 3.42, Texas Insurance Code, heretofore granted to Policy Form Number 110–5–52, Rev. 9–55, including Endorsement Form Number DIF 130 6–56, and Policy Form Number 131 12–56, including Endorsement Form Number DIF 130 6–56, of Sam Houston Life Insurance Company. It is specifically noted by the Board that the question before the Commissioner was the withdrawal of the exemption granted to the policy forms with the endorsement made an integral part thereof, and it appears to the Board that this was the only question decided by him.

"State Board of Insurance
s/ Penn J. Jackson
Penn J. Jackson,
Chairman
s/ David B. Irons
David B. Irons,
Member
s/ Robert W. Strain
Robert W. Strain,
Member

"Prepared by:
s/ Will D. Davis
Will D. Davis
Legal Counsel"

Appeal was taken to the 98th District Court of Travis County and trial had in part on stipulation and in part by witnesses and after a trial a judgment was entered in part as follows:

"Be It Remembered, That on this the 15th day of March A.D. 1960, came on to be heard the above entitled and numbered cause * * *.

"I.

"The Court finds that no issue as to Sam Houston Life Insurance Company Endorsement Form No. DIF 130 6–56 was before the Court and no finding is made as to whether or not Endorsement Form No. DIF 130–6–56 is exempted by reason of the provisions contained in Article 3.42(b), Texas Insurance Code, as amended.

"II.

"The Court further finds that Sam Houston Life Insurance Company Policy Form No. 110 5–52, Rev. 9–55, including Endorsement Form No. DIF 130 6–56, and Policy Form No. 131 12–56, including Endorsement Form No. DIF 130 6–56, were on file with the State Board of Insurance of the State of Texas on August 22, 1957, which date was the effective date of Senate Bill No. 438, Acts 1957, 55th Legislature, Article 3.42 of the Texas Insurance Code, as amended.

"III.

"The Court further finds that no written order, as provided for in Article 3.42, (c), Texas Insurance Code, as amended, was ever issued by either the Commissioner of Insurance or the State Board of Insurance to extend for an additional thirty days the thirty-day period provided therein for the Board to affirmatively approve or disapprove said policy forms.

"IV.

"The Court further finds that the Commissioner of Insurance and the

State Board of Insurance did not affirmatively approve or disapprove said policy forms within the thirty-day period provided for in Article 3.42, (c) of the Texas Insurance Code, as amended.

"V.

"The Court further finds that Policy Form No. 110 5–52, Rev. 9–55, including Endorsement Form No. DIF 130 6–56, and Policy Form No. 131 12–56, including Endorsement Form No. DIF 130 6–56, were approved by operation of law under the provisions of Article 3.42, (c), Texas Insurance Code, as amended.

"VI.

"The Plaintiff's contentions as to the unconstitutionality of Section (e) of Article 3.42, Texas Insurance Code, as amended, are overruled.

"None of these findings are to be construed so as to prejudice the right of the State Board of Insurance or the State Board of Insurance and the Commissioner of Insurance to initiate hearings on the question of whether or not the approval of said forms should be withdrawn.

"It is, therefore ordered, adjudged, and decreed that the Commissioner of Insurance Official Order Numbers 3819 and 3820, each dated March 31, 1959, and the State Board of Insurance Official Order Number 1698, dated June 4, 1959, are each a nullity and are null and void, of no force and effect, and are hereby set aside and held for naught and are in nowise binding upon Plaintiff herein.

"It is further ordered by the Court that all costs are adjudged against the Defendants.

"Whereupon Defendants then and there excepted, and in open court gave notice of appeal to the Court of Civil Appeals of the Third Supreme Judicial District of Texas at Austin, Texas

"Signed and entered this the 25th day of April, 1960.

"s/ Chas. O. Betts
_____
Judge"

The appeal is founded on three points assigned as error as follows:

"1. The Trial Court erred in holding that the policy forms in question had been approved by operation of law.

"2. The Trial Court erred in holding that the orders appealed from are void and unenforceable, they being entered pursuant to a valid statute and supported by substantial evidence.

"3. The Trial Court erred in entering judgment for appellee, the latter being estopped to attack the orders in question."

The appellant takes the position that the validity of paragraph (e) of Article 3.42 authorizing exemption was raised by the pleadings and is constitutional and that the orders are valid; that the forms were not approved by operation of law, granting that paragraph (e) is constitutional, but if unconstitutional the order entered thereunder would be void; that another question would be the effect that S.B. 438 would have on the forms filed prior thereto, and did the fact that they were on file under the old law automatically amount to a refiling under the new law, or is a new filing essential.

Appellant in support of legislative intent that the Legislature did not intend that all previously filed forms be considered as filed under the new article, cites an amendment introduced to S.B. 438 which would have provided that all forms filed prior to May 1, 1957 would be deemed approved. The amendment was not adopted. H.J. Vol. 11, R.S. 55th Leg., p. 2651.

Paragraph (e) hereinabove set out provided for exemptions.

This section was held constitutional by the Trial Court by overruling appellee's contentions as to its unconstitutionality and appellee has made a cross-assignment complaining of this action.

Appellee makes two attacks on the constitutionality of subparagraph (e). The first seeks to void that particular portion of Art. 3.42 on the grounds that it was not set out fully in the caption to S.B. 438, although appellee cites no cases in support of its position. The caption reads as follows:

"An Act to amend Articles 3.42 and 3.43 of the Insurance Code (Acts 1951, 52 Legislature, Chapter 491, as amended) relating to the filing with the approval by the Board of Insurance Commissioners of all policy forms, endorsements, and riders issued by any life, accident, health, accident and health or hospitalization insurance company, doing business in this state; prescribing the method of filing and providing for its approval within thirty days unless disapproved or approved within such time by written order of the Board; providing specific grounds for disapproval, providing for judicial review of any such orders; repealing all laws in conflict herewith; providing for a severability and saving clause; and declaring an emergency."

Subparagraph (e) of Art. 3.42 reads:

"(e) The Board of Insurance Commissioners may, by written order, exempt from the requirements of this Article for so long as it deems proper, any insurance document or form specified in such order, to which in its opinion this Article may not practicably be applied, or the filing and approval of which are, in its opinion, not desirable or necessary for the protection of the public."

■■ The inquiry to be made is whether or not the subject matter of the caption, as compared to the body of the bill, will give reasonable notice of the latter and thus support provisions which are components of the general subject; are relevant and germane to it; are necessary for the attainment of it; are reasonable auxiliary to it; are complementary to it; or are reasonable incidents of it or of its incidents as expressed in the title. . Board of Insurance Commissioners v. Sproles Motor Freight Lines, Tex.Civ.App., 84 S.W.2d 769, writ ref. A statement of these criteria is sufficient to establish that the caption in question is sufficient as related to subparagraph (e).

■ The second ground of constitutional attack is to the effect that the exemption provision is an attempt to delegate the power to suspend the law, here, again, appellee has made no effort to support its position by the citation of cases. Williams v. State, 146 Tex.Cr.R. 430, 176 S.W.2d 177, contains a full discussion of this matter beginning on page 184 thereof:

"(14) The next question presented is: Does the Act authorize the Commissioner of Agriculture to suspend the law? This question arises by reason of the provisions of the Act which authorize the Commissioner to promulgate rules and regulations constituting exceptions to the Act making it unlawful to grow cotton in regulated zones.

"We think this question has been determined by the Supreme Court of the United States, in the case of Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167. In that case, the validity of certain features of the Motor Carrier Act of this State, Vernon's Ann.P.C. art. 827a, was under attack wherein it was provided, among other things, that it was unlawful to transport, over the highways of this State, a load in excess of a fixed weight. The Highway Commission was authorized to grant exceptions to that provision of the Act and to grant transportation of loads in excess of the maximum weight specified. This feature of the Motor Carrier Act, that is, the exceptions

mentioned, it was contended, authorized the Highway Commission to suspend the law as being violative of Article I, Section 28, of our Constitution. The court held the contention untenable and that the power to grant exceptions there authorized was that of a fact-finding and administrative nature. See also: Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070."

We sustain the action of the trial court in this regard.

■ We believe that the orders in question are valid and that the policy forms required affirmative action by the Board. The forms were on file prior to the effective date of the new Act and the Insurance Company was obligated to refile the forms or by letter called to the attention of the Board with a request for consideration and approval.

S.B. 438 provides that "no policy, * * * of life * * * insurance * * * shall be delivered, issued or used in this state * * * unless the form of said policy * * * has been filed with the Board of Insurance Commissioners and approved by said Board as provided in Paragraph (c) of this Article." The policy forms in question could could not have been approved by operation of law since they were never filed for approval under Art. 3.42, as amended, and the orders withdrawing the exemptions were valid.

The issue as to endorsement form No. DIF 136 6–56 was not before the Court. The judgment recites in paragraph 1 that there was no such issue before the Court, and the order of the Board was to like effect.

Board Order No. 1698 affirming the order of the Commissioner No. 3820 recites that the withdrawal of the exemption granted to the policy forms with the endorsement made an integral part thereof.

■ We do not pass on the claimed exemption of endorsement form DIF 136 6–56

under Sec. (b) of Art. 3.42. We merely hold that the withdrawal of exemption previously extended to policies bearing this endorsement withdrew such exemption to the whole policy of which this endorsement was an integral part.

The judgment of the Trial Court is reversed and judgment here rendered sustaining the validity of the orders appealed from.

Reversed and rendered.