The judgment is affirmed.

**MED–SAFE, INC. and William W. Draper, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–0047–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1988.

Rehearing Denied June 30, 1988.

Brent W. Ryan, Lloyd, Gosselink, Ryan & Fowler, Austin, Ed Wheeler, Pasadena, for appellants.

Brian J. Zwit, Asst. Atty. Gen., Austin, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal of a temporary injunction that prohibits the operation of appellants' non-hazardous solid waste site until a permit is issued by the Texas Department of Health.

Appellants assert in their sole point of error that the trial court erred in issuing the temporary injunction because Tex.Rev. Civ.Stat.Ann. art. 4477–7, §§ 3(a) and 4(e) (Vernon Supp.1988) (Solid Waste Disposal Act), and applicable regulations of the Tex-

as Department of Health ("the Department") are unconstitutional delegations of legislative authority in violation of Tex. Const. art. II, sec. 1. Appellants argue that article 4477–7, §§ 3(a) and 4(e), and the applicable regulations promulgated under the Act, are an unconstitutional delegation of legislative authority because the Act does not establish guidelines or standards that must accompany a valid delegation of authority.

Tex. Const. Art. II, Sec. 1 provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Article 4477–7, § 3(a) provides:

The department is hereby designated the state solid waste agency with respect to the management of municipal solid waste other than hazardous municipal waste, and shall be the coordinating agency for all municipal solid waste activities other than activities relating to hazardous municipal waste. The department shall be guided by the board of health in its activities relating to municipal solid waste other than hazardous municipal waste. The department shall seek the accomplishment of the purposes of this Act through the control of all aspects of municipal solid waste management other than management of hazardous municipal waste by all practical and economically feasible methods consistent with the powers and duties given the department under this Act and other existing legislation. The department has the powers and duties specifically prescribed in this Act and all other powers necessary or convenient to carry out its responsibilities. The department shall consult with the commission with respect to the water pollution control and water quality aspects, and with the Texas Air Control Board with respect to the air pollution control and ambient air quality aspects, of the matters placed under the jurisdiction of the department by this Act.

Article 4477–7, § 4(e) provides, in pertinent part:

Except as provided in Subsection (f) of this section with respect to certain industrial solid wastes, each state agency has the power to require and issue permits authorizing and governing the construction, operation, and maintenance of solid waste facilities used for the storage, processing, or disposal of solid waste. This power may be exercised by the state agency only with respect to the solid waste over which it has jurisdiction under this Act. If this power is exercised by a state agency, that state agency shall prescribe the form of and reasonable requirements for the permit application and the procedures to be followed in processing the application, to the extent not otherwise provided for in this subsection.

Article 4477–7, § 4(c) provides, in pertinent part:

Each state agency may adopt and promulgate rules consistent with the general intent and purposes of this Act, and establish minimum standards of operation for all aspects of the management and control of the solid waste over which it has jurisdiction under this Act.

The Solid Waste Disposal Act also contains definitions of words used in the Act. Among the relevant definitions found in Article 4477–7, § 2 includes:

(9) 'Disposal' means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste (whether containerized or uncontainerized) into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including groundwaters.

\* \* \* \* \* \*

(13) 'Hazardous waste' means any solid waste identified or listed as a hazardous

waste by the administrator of the United States Environmental Protection Agency (EPA) pursuant to the federal Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act, 42 U.S.C. 6901 et seq., as amended. (16) 'Management' means the systematic control of any or all of the following activities of generation, source separation, collection, handling, storage, transportation, processing, treatment, recovery, or disposal of solid waste.

(17) 'Municipal solid waste' means solid waste resulting from or incidental to municipal, community, commercial, institutional, and recreational activities including garbage, rubbish, ashes, street cleanings, dead animals, abandoned automobiles, and all other solid waste other than industrial solid waste.

\*　　\*　　\*　　\*　　\*　　\*

(21) 'Processing' means the extraction of materials, transfer, volume reduction, conversion to energy, or other separation and preparation of solid waste for reuse of disposal, including the treatment or neutralization of hazardous waste, designed to change the physical, chemical, or biological character or composition of any hazardous waste so as to neutralize such waste, or so as to recover energy or material from the waste, or so as to render such waste nonhazardous, or less hazardous; safer to transport, store, or dispose of; or amenable for recovery, amenable for storage, or reduced in volume. Unless the state agency determines that regulation of such activity under this Act is necessary to protect human health or the environment, the definition of 'processing' does not include activities relating to those materials exempted by the administrator of the Environmental Protection Agency pursuant to the federal Solid Waste Disposal Act ...

\*　　\*　　\*　　\*　　\*　　\*

(30) 'Solid waste facility' means all contiguous land, and structures, other appurtenances, and improvements on the land, used for processing, storing, or disposing of solid waste.

When reviewing the constitutionality of a statute, this Court must indulge every possible presumption in favor of its constitutionality. *Trapp v. Shell Oil*, 145 Tex. 323, 198 S.W.2d 424 (1946). Generally, a legislative delegation of authority to make rules and regulations must establish standards in order to be valid. *Oxford v. Hill*, 558 S.W.2d 557, 560 (Tex.Civ.App.—Austin 1977, writ ref'd). The standards set up by the legislature may be broad where conditions that must be considered cannot conveniently be investigated by the legislative branch. *Id.; see also Williams v. State*, 514 S.W.2d 772 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.). The legislature may properly delegate to an administrative agency the authority to establish rules and regulations, or minimum standards, that reasonably carry out the expressed purpose of the statutory act in question. *Id.; see also Commissioners Court v. Martin*, 471 S.W.2d 100 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

The issue presented in this case is whether sufficient standards are established in the Solid Waste Disposal Act. The State argues that article 4477-7, § 1 provides a broad, overall standard for the Texas Department of Health to implement the Act. Section 1 provides that the "purpose of the Act" is to "safeguard the health, welfare, and physical property of the people" and to "protect the environment." Under such cases as *Williams v. State*, similarly broad standards have been found to provide sufficient guidance for administrative agencies to properly exercise delegated functions.

The State also argues that section 3(a) of the Act further provides guidelines for the agency. The State asserts that 10 guidelines are contained in section 3(a): (1) jurisdiction is limited to municipal solid waste; (2) the Department is the coordinating agency for management of municipal solid waste; (3) the Department is to fulfill the purposes of the Act; (4) through the control of all aspects of municipal solid waste; (5) by all practical and (6) economically feasible methods (7) consistent with the powers and duties given the department under the Act and (8) other existing legisla-

tion; (9) the Department must consult with the Water Commission about water pollution control and water quality; and (10) the Department must consult with the Texas Air Control Board about air pollution control.

We find that the Act does provide sufficient guidelines and does no more than delegate to the Texas Department of Health the authority to establish rules and regulations to reasonably carry out the expressed purposes of the Act, which included the licensing of solid waste disposal sites.

Appellants' point of error is overruled.

The judgment is affirmed.