

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 4, 1991

Honorable John Hall
Chairman
Texas Water Commission
P. O. Box 13087, Capitol Station
Austin, Texas 78711-3087

Opinion No. DM-54

Re: Whether Attorney General Opinion
O-3205-A (1941), which held that the
predecessor to section 28.011 of
the Texas Water Code was an
unconstitutional delegation of authority,
continues to be valid (RQ-177)

Dear Commissioner Hall:

You have requested our opinion regarding the continuing efficacy of
Attorney General Opinion O-3205-A (1941). On March 11, 1941, the attorney
general issued Attorney General Opinion O-3205, which held that the predecessor
statute to section 28.011 of the Texas Water Code,[1] former Penal Code article 848a,
authorized the Board of Water Engineers to regulate privately-owned wells. *See*
Acts 1931, 42d Leg., ch. 261, §§ 1, 6, at 432-33 (enactment of predecessor statute).
On April 18, 1941, the attorney general withdrew this answer and held, in Attorney
General Opinion O-3205-A, that the provision failed to contain sufficient standards
so as to be a constitutionally valid delegation of rule-making authority. You
indicate that as a result of this decision, "the Board and its successor agencies have
never adopted rules pursuant to this statute." Accordingly, you ask that we "re-
examine [our] position in light of subsequent court decisions relating to the
delegation doctrine." In this opinion, we consider only the continued validity of
Attorney General Opinion O-3205-A. We do not address the scope of section
28.011 of the Texas Water Code or its predecessor.

---

[1]Almost identical to its predecessor, section 28.011 of the Texas Water Code provides:

The [Texas Water Commission] shall make and enforce rules and
regulations for conserving, protecting, preserving, and distributing
underground, subterranean, and percolating water located in this state and
shall do all other things necessary for these purposes.

It is well settled that a statute must be construed as constitutional, if at all possible. *Smith v. Decker*, 312 S.W.2d 632, 635 (Tex. 1958). The court will indulge every possible presumption in favor of constitutionality. *Med-Safe, Inc. v. State*, 752 S.W.2d 638, 640 (Tex. App.--Houston [1st Dist.] 1988, no writ); *see also Trapp v. Shell Oil Co.*, 198 S.W.2d 424 (Tex. 1946). Although a legislative delegation of rule-making authority to an administrative body must establish standards in order to be valid,

> [t]he standards set up by the legislature may be broad where conditions that must be considered cannot conveniently be investigated by the legislative branch. The legislature may properly delegate to an administrative agency the authority to establish rules and regulations, or minimum standards, that reasonably carry out the expressed purpose of the statutory act in question.

*Med-Safe, supra*, at 640 (citations omitted).

In *Med-Safe*, for example, the appellant challenged a requirement that the Department of Health issue a permit for operation of a nonhazardous solid waste site. The court observed that

> the "purpose of the Act" is to "safeguard the health, welfare, and physical property of the people" and to "protect the environment."

*Id.* In upholding the delegation, the court noted that under past cases,

> similarly broad standards have been found to provide sufficient guidance for administrative agencies to properly exercise delegated functions.

*Id.* Likewise, in *Jordan v. State Bd. of Ins.*, 334 S.W.2d 278, 279 (Tex. 1960), the appellant complained of the lack of standards in a statute that permitted the State Board of Insurance to revoke an insurer's certificate if it determined that the officers or directors of the company were "not worthy of public confidence." The Texas Supreme Court upheld the "not worthy of public confidence" standard, stating that the term "is no more extensive than the public interest demands," and that "the

idea embodied within the phrase is reasonably clear and hence acceptable as a standard of measurement." *Id.* at 280.

In *Clark v. Briscoe Irrigation Co.*, 200 S.W.2d 674 (Tex. Civ. App.--Austin 1947, no writ), the court upheld a challenge to a statute that allowed the Board of Water Engineers to grant a permit if it found that appropriation of water in a particular instance "would not be detrimental to the public welfare." The court noted that

> [t]he criteria are as definite as the subject in its varied applications will reasonably admit.

*Id.* at 684.

In *Martinez v. Texas State Bd. of Medical Examiners*, 476 S.W.2d 400, 404 (Tex. Civ. App.--San Antonio 1972, writ ref'd n.r.e.), the court upheld a challenge to a statute that authorized the Board of Medical Examiners to revoke a physician's license for "grossly unprofessional or dishonorable conduct, or a character which in the opinion of the Board is likely to deceive or defraud the public." The court held that requiring a definition of all the acts that would constitute a violation would be unduly burdensome, that the statutory language was "reasonably clear," and that the members of the board "best know the professional and moral standards required of practitioners." *Id.*

Finally, in *Lone Star Gas Co. v. Railroad Comm'n of Texas*, 798 S.W.2d 888 (Tex. App.--Austin 1990, writ granted),[2] the Railroad Commission had promulgated rules for the regulation of the purchase of gas by special marketing programs. In rejecting the argument that the statute lacked appropriate standards, the court noted that

> [t]he standards here are found in the statutes directing the Commission to prevent waste, promote conservation, and protect correlative rights.

*Id.* at 894.

---

[2] *Railroad Comm'n of Texas v. Lone Star Gas Co.*, 34 Tex. Sup. Ct. J. 396 (March 9, 1991) (writ granted on points of error involving federal preemption).

In our opinion, these cases furnish ample authority to conclude that section 28.011 and its predecessor provide sufficient standards to constitute a proper delegation of legislative authority. A directive to "conserve, protect, preserve, and distribute" water is, in our view, as specific as most of the other statutes considered and upheld in the cases discussed above. We conclude that neither section 28.011 nor its predecessor offend the delegation doctrine. Accordingly, Attorney General Opinion O-3205-A (1941) is overruled to the extent it is inconsistent with this opinion.

## SUMMARY

Section 28.011 of the Texas Water Code, which authorizes the Texas Water Commission to "make and enforce rules and regulations for conserving, protecting, preserving, and distributing underground, subterranean, and percolating water located in this state," is not an unconstitutional delegation of legislative authority. Attorney General Opinion O-3205-A (1941) is overruled to the extent it is inconsistent with this opinion.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by  Rick Gilpin
Assistant Attorney General